UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

APRIL LANORE ARREDONDO,

    Plaintiff,

v.                                                         No. 5:25-CV-222-H

JUDGE HOLGUIN, et al.,

    Defendants.

### ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF THE MAGISTRATE JUDGE AND OVERRULING THE PLAINTIFF'S OBJECTIONS

Before the Court are the Findings, Conclusions, and Recommendations (FCR) of United States Magistrate Judge Amanda 'Amy' R. Burch. Dkt. No. 10. Judge Burch recommends denying pro se plaintiff April Lanore Arredondo's motion for a temporary restraining order. *Id.* at 1; *see* Dkt. No. 7. Through her motion, Arredondo seeks an order enjoining two Dawson County courts to stay criminal proceedings until this Court can resolve her constitutional claims under 42 U.S.C. § 1983. *See* Dkt. No. 7 at 3. Arredondo timely objected to the FCR. Dkt. No. 18.

The Court overrules the objections and adopts the FCR in full. Arredondo clarifies that the underlying state criminal charges were dismissed, so there is no ongoing proceeding for the Court to enjoin. And any request to enjoin future state-court proceedings lacks merit. Accordingly, the Court denies Arredondo's motion for TRO without prejudice to her right to request injunctive relief should circumstances change.

1.  **Background**

    A.  **Factual Background and Procedural History**

    On October 17, 2025, Arredondo sued several Dawson County officials, alleging constitutional violations stemming from a traffic stop in March 2024. *See* Dkt. No. 1. Per the Court's standing orders, the case was referred to Judge Burch. Dkt. No. 2.

    Soon after filing her complaint, Arredondo moved for a TRO. Dkt. No. 7. She asks the Court to enjoin the 106th Judicial District Court of Dawson County and the Lamesa Municipal Court from carrying out any criminal proceedings against her while this federal action is ongoing. *Id.* at 3. The motion lists three cause numbers and expressly requests that the District Court be restrained "from continuing or initiating any proceedings in [those] cause numbers, pending further review." *Id.* at 1, 3.

    Judge Burch issued an FCR recommending that the Court deny Arredondo's motion for TRO without prejudice. Dkt. No. 10. Arredondo objected to the FCR, asking the Court to "deny the recommendation" and allow her to "proceed with her civil rights claims." Dkt. No. 18 at 3. The objection is ripe for review.

    B.  **Judge Burch's FCR**

    In a thorough FCR, Judge Burch concluded that Arredondo has not established at least two of the four elements necessary to obtain a TRO. Dkt. No. 10 at 6; *see also id.* at 2 (noting that injunctive relief "is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable injury" (quoting *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976))). Specifically, Arredondo's "conclusory allegations" do not establish an exception to the *Younger* abstention doctrine, under which federal courts typically refrain from enjoining ongoing state criminal proceedings. *Id.* at 5; *see Younger v. Harris*, 401 U.S.

Case 5:25-cv-00222-H-BV   Document 24   Filed 03/06/26   Page 3 of 5   PageID 123

37 (1971). Judge Burch then explained that Arredondo has not shown that she will suffer irreparable harm absent a TRO. Dkt. No. 10 at 5–6. "[A]n injury is irreparable only if it cannot be undone through monetary remedies." *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 279 (5th Cir. 2012) (internal quotations marks omitted). Arredondo's claims of reputational and financial harm associated with the criminal proceedings, Judge Burch reasoned, "can be remedied with monetary relief." Dkt. No. 10 at 6.

2.   **Legal Standard**

A party who seeks to object to any part of a Magistrate Judge's FCR must file specific written objections within 14 days after being served with a copy. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). As for portions where no specific objections are filed within the 14-day period, the Court reviews the Magistrate Judge's findings, conclusions, and recommendations only for plain error. *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 502 (5th Cir. 2020).

When a party files objections, the Court must review those objected-to portions de novo. 28 U.S.C. § 636(b)(1); *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 646 (5th Cir. 1994). The district court may then accept, reject, or modify the recommendations or findings, in whole or in part. Fed. R. Civ. P. 72(b)(3). Objections to the FCR must be "specific"; they must "put the district court on notice of the urged error." *Williams v. K&B Equip. Co.*, 724 F.2d 508, 511 (5th Cir. 1984). "[A]n objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found." *Thompson v. Bumpas*, No. 4:22-CV-640, 2022 WL 17585271, at *1

(N.D. Tex. Dec. 12, 2022) (citing *United States v. Mathis*, 458 F. Supp. 3d 559, 564 (E.D. Tex. 2020)).

The district court need not consider "[f]rivolous, conclusive[,] or general objections." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quotation omitted). Moreover, "[i]t is well settled that issues raised for the first time in objections to a magistrate judge's report are deemed not properly before the district court." *K Invs., Inc. v. B-Gas Ltd.*, No. 21-40642, 2022 WL 964210, at *5 (5th Cir. Mar. 30, 2022) (first citing *Cupit v. Whitley*, 28 F.3d 532, 535–36 n.5 (5th Cir. 1994); then citing *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992); and then citing *Harrison v. Smith*, 83 F. App'x 630, 632 (5th Cir. 2003)).

### 3. Analysis

The Court overrules Arredondo's objections and adopts the FCR in full.

In her objection, Arredondo maintains that the FCR "appears to misconstrue [her] request as seeking to enjoin ongoing state criminal proceedings." Dkt. No. 18 at 1. This allegation is difficult to square with Arredondo's motion, which asks the Court to "restrain the 106th Judicial District Court of Dawson County, Texas from proceeding in any further criminal hearings [or] trials," including in three specific cause numbers. Dkt. No. 7 at 1. In any event, Arredondo clarifies that "the underlying charges at issue were dismissed without prejudice, meaning [she] is currently not facing an active prosecution." Dkt. No. 18 at 1. Thus, there is no state criminal proceeding for the Court to enjoin, mooting Arredondo's request for a TRO.

To the extent that Arredondo seeks an injunction against future criminal proceedings (*see* Dkt. No. 18 at 1), that request is misplaced. Arredondo presses "conclusive [and] general" theories of constitutional harm that the Court need not address in resolving

objections to an FCR. *Battle*, 834 F.2d at 421; *see* Dkt. No. 18 at 1.  And while Arredondo continues to assert irreparable harm, the Court agrees with Judge Burch that Arredondo's alleged injuries—"emotional and psychological trauma" and "being deprived of the normal rhythms of life"—are compensable via monetary relief.  Dkt. No. 18 at 2; *see Younger*, 401 U.S. at 46 ("Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term.").  Accordingly, Arredondo has not shown the irreparable harm required for issuance of a TRO.

4.  **Conclusion**

In sum, the Court overrules Arredondo's objections (Dkt. No. 18) and adopts the FCR (Dkt. No. 10) as this Court's findings.  The Court therefore denies the motion for TRO (Dkt. No. 7) without prejudice to Arredondo's right to request injunctive relief should circumstances change.

So ordered on March 6, 2026.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE